*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 06a0198p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

————————

CHRISTOPHER BELL,

*Plaintiff-Appellant,*

*v.*

No. 05-3503

KHELLEH KONTEH et al.,

*Defendants-Appellees.*

————————

Appeal from the United States District Court
for the Northern District of Ohio at Youngstown.
No. 01-00915—John R. Adams, District Judge.

Submitted: June 9, 2006

Decided and Filed: June 16, 2006

Before: MOORE, COLE, and CLAY, Circuit Judges.

————————

**COUNSEL**

**ON BRIEF:** Kelley A. Sweeney, OFFICE OF THE ATTORNEY GENERAL OF OHIO, Cleveland, Ohio, for Appellees. Christopher D. Bell, Marion, Ohio, pro se.

————————

**OPINION**

————————

KAREN NELSON MOORE, Circuit Judge. Plaintiff-Appellant Christopher Bell, an Ohio state prisoner proceeding pro se, appeals the dismissal of his civil rights action against Defendants-Appellees Khelleh Konteh and Carl Shaffer,[1] officials with the Trumbull Correctional Institution ("TCI"). Bell argues that the district court erroneously concluded that he failed to satisfy the Prison Litigation Reform Act's ("PLRA") administrative exhaustion requirement. Because the district court's exhaustion determination was correct as to Shaffer but not as to Konteh, we **AFFIRM** the dismissal without prejudice with respect to Shaffer and **REVERSE** the dismissal with respect to Konteh. We **REMAND** for further proceedings consistent with this opinion.

----

[1]We adopt the spelling of Shaffer used in the defendants' brief. Appellees Br. at 3.

## I. BACKGROUND

Bell was a prisoner at Ohio's TCI at all times relevant to this case.[2]  Bell sued Konteh, the warden, and Folmer[3] and Shaffer, two corrections officers, under 42 U.S.C. § 1983, alleging that the defendants retaliated against him for filing grievances, in violation of the First Amendment, and failed to protect him from violence by other inmates, in violation of the Eighth Amendment.  The district court dismissed as time-barred the claims against Folmer and dismissed him as a party to the suit.  The district court dismissed the retaliation claim against Konteh and Shaffer for failure to state a claim.  Bell appeals neither of these orders.

Konteh and Shaffer moved to dismiss the remaining failure-to-protect claim, arguing that Bell had not exhausted the available administrative remedies as required by the PLRA.  The district court granted the motion to dismiss, concluding that Bell had failed to exhaust his claim with respect to both Konteh and Shaffer.[4]  Bell now appeals.

## II. ANALYSIS

We review de novo the dismissal of a suit for failure to exhaust the available administrative remedies as required by the PLRA.  *Boyd v. Corr. Corp. of Am.*, 380 F.3d 989, 993 (6th Cir. 2004), *cert. denied*, 544 U.S. 920 (2005).

Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Ohio generally employs a three-step inmate grievance procedure that consists of (1) the filing of an informal complaint, (2) the filing of a notification of grievance, and (3) the filing of an appeal of the disposition of grievance.  OHIO ADMIN. CODE 5120-9-31(J).  Bell was required to follow this procedure before suing Shaffer, but Bell has not cited (and upon independent examination there do not appear to be) any materials in the record indicating that he did so.  Thus, the district court correctly concluded that Bell did not administratively exhaust his failure-to-protect claim against Shaffer.

Bell was not, however, required to follow the standard three-step procedure before suing Konteh, because Konteh was TCI's warden.  The procedure for grievances against wardens and inspectors of institutional services consists of only a single step:  A prisoner simply files a grievance directly with the office of the chief inspector, whose decision is final.  OHIO ADMIN. CODE 5120-9-31(L).  Bell satisfied the procedure by filing two such grievances against Konteh, Joint Appendix ("J.A.") at 128, 129 (Compl., Ex. kk, ll), which the chief inspector dismissed along with several others not relevant here, J.A. at 113 (Compl., Ex. dd3).

Of course, our administrative-exhaustion inquiry does not end here.  As we recently explained, "it is not enough simply to follow the grievance procedure; in order to satisfy the administrative exhaustion requirement, the content of the grievances must be adequate, too.  First,

---

[2] Bell is now a prisoner at Marion Correctional Institution.

[3] Folmer's full name is not in the record.

[4] The district court did not specify whether the dismissal was with or without prejudice.  It is well established, however, that the appropriate disposition of an unexhausted claim under the PLRA is dismissal without prejudice.  *See, e.g.*, *Boyd v. Corr. Corp. of Am.*, 380 F.3d 989, 994 (6th Cir. 2004), *cert. denied*, 544 U.S. 920 (2005); *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 510 (6th Cir. 2001); *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998).  Thus, we read the district court's order as a dismissal without prejudice.

under our precedent a grievance must identify each defendant eventually sued. *E.g.*, *Curry v. Scott*, 249 F.3d 493, 504-05 (6th Cir. 2001)." *Spencer v. Bouchard*, — F.3d —, No. 05-2562, 2006 WL 1528876, at *3 (6th Cir. June 6, 2006). This requirement is easily met in the instant case, as the two grievances named Konteh.

> We therefore proceed to the second requirement regarding the content of grievances: "a prisoner must have alleged mistreatment or misconduct on the part of the defendant" in his grievance. *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003). This standard is not a particularly strict one:
>
>> In describing the alleged mistreatment or misconduct, . . . we would not require a prisoner's grievance to allege a specific legal theory or facts that correspond to all the required elements of a particular legal theory. Rather, it is sufficient for a court to find that a prisoner's [grievance] gave prison officials fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint.
>
> *Id*. This relaxed standard is consistent with the general practice of liberally construing pro se prisoners' filings. *See, e.g.*, *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999).

*Spencer*, 2006 WL 1528876, at *3 (alterations in original).

In applying this standard, a grievance must be measured against the claim brought in the prisoner's subsequent suit, which in this case is that Konteh failed in his obligation "to protect prisoners from violence at the hands of other prisoners," in violation of the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal quotation marks omitted); *accord, e.g.*, *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 512 (6th Cir. 2001). The first of the two relevant grievances filed by Bell alleged that Konteh "had [Bell] moved to another [u]nit for no justifiable reason"; that Bell's case manager informed Konteh that Bell "should not be housed with" certain other prisoners; and that Bell told Konteh that "if this matter is not resolved [Bell] could be in danger." J.A. at 128 (Compl., Ex. kk). The second grievance alleged that Bell's case manager and others "called . . . Konteh and explained that [Bell] should not be moved down to Unit B because of an imminent threat to [his] safety"; that a number of other prisoners "were very upset that [Bell] had" been moved into their unit; that Bell's cellmate warned Bell, "Man these Youngstown dudes don[']t like you and it gonna be some shit, you better watch your back"; and that one day while Bell was sleeping "at least two prisoners [entered his] cell and jumped" him, "punch[ing] [him] in the face and head." J.A. at 129 (Compl., Ex. ll). These grievances clearly "gave prison officials fair notice of the alleged mistreatment or misconduct that forms the basis of" Bell's Eighth Amendment failure-to-protect claim against Konteh. *Burton*, 321 F.3d at 575.

Based on the foregoing analysis, Bell satisfied the PLRA's administrative exhaustion requirement with respect to Konteh but not with respect to Shaffer. When a prisoner's complaint contains both exhausted and unexhausted claims, the unexhausted claims should be dismissed without prejudice while the exhausted claims are allowed to proceed. *Spencer*, 2006 WL 1528876, at *4; *Burton*, 321 F.3d at 574 n.2; *Hartsfield v. Vidor*, 199 F.3d 305, 309-10 (6th Cir. 1999).[5] Thus,

---

[5] As we recently explained, we are bound to follow the partial-exhaustion rule applied in *Hartsfield* (1999) and reaffirmed in *Burton* (2003) rather than the contrary total-exhaustion rule endorsed by subsequent panels, *e.g.*, *Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005), *petition for cert. filed*, 74 U.S.L.W. 3424 (U.S. Jan. 9, 2006) (No. 05-874). *See Spencer*, 2006 WL 1528876, at *4.

we conclude that the PLRA requires the claim against Shaffer to be dismissed without prejudice, while the claim against Konteh may proceed.

### III.  CONCLUSION

For the reasons set forth above, we **AFFIRM** the dismissal without prejudice of the failure-to-protect claim against Shaffer and **REVERSE** the dismissal of the failure-to-protect claim against Konteh.  We **REMAND** for further proceedings consistent with this opinion.