NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0403n.06

No. 08-1796

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Jun 03, 2009**
LEONARD GREEN, Clerk

|  |  |  |
|---|---|---|
| WAYNE EARL LAFOUNTAIN, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| ANTHONY MARTIN, in his individual | ) | STATES DISTRICT COURT FOR THE |
| capacity, | ) | WESTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

Before:      **SUTTON and GRIFFIN, Circuit Judges; LIOI, District Judge.**[*]

**PER CURIAM**.  Wayne Earl LaFountain ("LaFountain"), a Michigan prisoner proceeding

pro se, appeals a district court order granting summary judgment in favor of Anthony Martin

("Martin") because LaFountain failed to exhaust administrative remedies.  This case was to be

decided on briefs.  Martin, however, has chosen not to submit a brief and instead relies upon his

motion and brief filed in the district court. (Rec. at 55 and 133.)

I

In 2007, LaFountain filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against

Martin in his individual capacity.  Martin, an African-American resident unit corrections officer with

the Muskegon Correctional Facility ("MCF"), allegedly engaged in ethnic intimidation and retaliated

_____

[*]The Honorable Sara Lioi, United States District Judge for the Northern District of Ohio, sitting by designation.

against LaFountain, a Caucasian who was incarcerated at MCF, for having filed prison grievances against him. LaFountain sought compensatory and punitive damages.

After Martin's motion to dismiss was fully briefed, the magistrate judge issued an order converting it into a motion for summary judgment under Fed.R.Civ.P. 56. LaFountain was permitted to file a supplemental brief with an appendix of exhibits. The magistrate judge issued a report and recommendation ("R&R") to grant summary judgment in favor of Martin because LaFountain had failed to exhaust his available administrative remedies. The district court issued an order accepting the R&R over LaFountain's objections, granting the motion for summary judgment, and dismissing the action.

LaFountain raises five arguments on appeal: (1) there was no requirement to exhaust administrative remedies with respect to his First Amendment claim because the prison grievance procedures cannot resolve constitutional claims; (2) genuine issues of material fact regarding Martin's affirmative defense of non-exhaustion remain; (3) as applied to his First Amendment claim, disputed issues of material fact require that the district court's order of summary judgment be vacated in relation to the procedural default of his administrative grievance which amounted to content-based suppression absent penological justification; (4) the district court erred by sua sponte asserting affirmative defenses on behalf of Martin; and (5) the district court erred by retroactively applying *Woodford v. Ngo*, 548 U.S. 81 (2006).

II

This court reviews de novo a district court's order granting summary judgment. *Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006). The district court's dismissal of a prisoner's civil rights complaint for failure to exhaust administrative remedies is, likewise, reviewed de novo. *Boyd*

2

*v. Corrections Corp. of America*, 380 F.3d 989, 993 (6th Cir. 2004). Summary judgment is proper if the evidence, viewed in the light most favorable to the non-moving party, shows "that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The burden is on the moving party to show that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986). Once the moving party meets this burden, the non-moving party cannot rest on its pleadings, but must present "significant probative" evidence in support of the complaint to defeat the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986); *Ciminillo*, 434 F.3d at 464.

Prior to filing a civil lawsuit, a prisoner must first properly exhaust his available administrative remedies. 42 U.S.C. § 1997e(a); *Woodford*, 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford*, 548 U.S. at 90-91. "[I]t is sufficient for a court to find that a prisoner's [grievance] gave prison officials fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint." *Bell v. Konteh*, 450 F.3d 651, 654 (6th Cir. 2006), *cert. denied*, 549 U.S. 1245 (2007) (internal citation omitted). "This relaxed standard is consistent with the general practice of liberally construing pro se prisoners' filings." *Bell*, 450 F.3d at 654 (internal citations omitted). An administrative remedy may not be considered "available" where very technical procedural requirements make compliance difficult for all but the most sophisticated inmate. *See, e.g., Kikumura v. Osagie*, 461 F.3d 1269, 1283-84 (10th Cir. 2006) (recognizing that "[t]he Supreme

3

Court has cautioned that 'the creation of an additional procedural technicality . . . [is] particularly inappropriate in a statutory scheme in which laymen, unassisted by trained lawyers, initiate the process.'" (quoting *Love v. Pullman Co.*, 404 U.S. 522, 526-27 (1972)), abrogated on other grounds as recognized in *Robbins v. Oklahoma*, 519 F.3d 1242, 1246-47 (10th Cir. 2008).

III

On June 29, 2004, LaFountain filed Grievance No. MCF 04-07-00444-28BC ("No. 444"), raising two claims: (1) that Martin retaliated against him for having filed grievances by telling other prisoners that he was a snitch and a sexual predator; and (2) that lack of supervision over Martin by the MCF warden, deputy warden, and assistant deputy warden, as well as their failure to train Martin, resulted in LaFountain's cell being robbed. This grievance was rejected because it raised multiple claims. Pursuant to Michigan Department of Corrections ("MDOC") Policy Directive 03.02.130(G)(1), a grievance may be rejected if it contains "multiple unrelated issues, or raises issues that are duplicative of those raised in another grievance filed by the grievant." LaFountain thereafter filed two new grievances -- Grievance Nos. MCF 04-07-00472-28A ("No. 472") and MCF 04-07-00471-28A ("No. 471") -- in which he separated his claims against Martin and the others. Both grievances were rejected as being duplicative on No. 444, and LaFountain unsuccessfully appealed both to Step III of the grievance process. The Step III investigator concluded that No. 471 was duplicative of No. 444 and that No. 472 contained multiple unrelated issues.[1]

---

[1]Appellee is of the view that LaFountain should have appealed No. 444 rather than resubmitting it as two grievances and that his failure to do so constitutes a failure to exhaust which also bars Nos. 471 and 472. However, we agree with the R&R's analysis on this issue, which was adopted by the district judge. The district court concluded that Policy Directive 03.02.130(I) does not *require* that an inmate appeal the rejection of a grievance rejected for having multiple issues, but merely *permits* an appeal and prohibits a new grievance "regarding the rejection." Here, rather than appeal the rejection of No. 444, LaFountain chose to resubmit two grievances separating his multiple claims.

At issue here is only whether LaFountain's claim against Martin, as pursued administratively through No. 472, was properly exhausted.

Upon review, we find that LaFountain properly exhausted his First Amendment retaliation claim against Martin which, pursuant to his pleadings, can also be construed as a deliberate indifference claim under the Eighth Amendment. *See Farmer v. Brennan*, 511 U.S. 825, 833-35 (1994); *see also Benefield v. McDowall*, 241 F.3d 1267, 1271 (10th Cir. 2001) ("labeling an inmate a snitch satisfies the *Farmer* standard and constitutes deliberate indifference to the safety of that inmate.") We find, as a matter of law,[2] that No. 472 does not raise multiple unrelated issues, as was concluded by the Step III investigator and the district court.[3] It raises one claim, namely, that Martin retaliated against LaFountain for having filed grievances by labeling him a snitch and a sexual predator in order to motivate other prisoners to take hostile action against him. The hostile action that LaFountain claims to have suffered as a result of being labeled a snitch and a sexual predator, such as being accosted in the bathroom and having his cell robbed, is merely the harm he suffered as a result of the alleged retaliation. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

---

[2]Appellant is actually asking us to find that there are genuine factual disputes over whether No. 472 contains multiple issues, which would preclude summary judgment. We, however, conclude that it is not a matter of factual disputes; rather, it is simply a matter of how one reads and interprets No. 472. We read it as containing one claim of retaliation.

[3]Nos. 471 and 472 were restatements of what appellant had originally submitted as No. 444. Appellant asserts that, after No. 444 was rejected because it raised multiple claims, he was told by the grievance coordinator, Matt Brevard, to submit a new grievance that did not contain multiple claims. This, according to appellant, is why he did not appeal No. 444 but, rather, submitted Nos. 471 and 472. Brevard then rejected the re-submitted grievances as duplicative of No. 444. When that decision was appealed, the Step III investigator agreed that No. 471 was duplicative of No. 444, but decided that No. 472 should be rejected because it contained multiple issues. Brevard's advice created a genuine Catch-22 for LaFountain. Appellee, who has not challenged appellant's representation of these facts either here or before the district court, should not be allowed to fault appellant for following the grievance coordinator's advice to resubmit separate grievances. *See, e.g.*, *Flory v. Claussen*, No. C06-1046-RSL-JPD, 2006 WL 3404779, at *4 (W.D. Wash. Nov. 21, 2006) (prisoner's efforts to exhaust with the wrong entity deemed to be proper exhaustion where prison policy was unclear and prisoner relied on defendants' advice).

5

Because we find that the district court erred in granting summary judgment against LaFountain on the basis that he failed to exhaust his administrative remedies, we need not consider his other arguments on appeal.

IV

Accordingly, we VACATE the district court's order and REMAND for further proceedings on the merits, including, if appropriate, additional motions for summary judgment.