**PUBLISH**

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 22, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

TRAVIS LEMARR GREER,

    Plaintiff - Appellant,

v.

JANET DOWLING; JAY
DRAWBRIDGE; KELLI CURRY;
FELICIA HARRIS; CATHY
MILBERS; MIKE ROGERS; DAN
GROGAN; MARK KNUTSON,

    Defendants - Appellees.

No. 18-6067

_____

**Appeal from the United States District Court**
**for the Western District of Oklahoma**
**(D.C. No. 5:14-CV-00708-M)**
_____

Brett R. Lilly, Brett R. Lilly, LLC, Wheat Ridge, Colorado, on behalf of
the Plaintiff-Appellant.

Lexie P. Norwood, Assistant Attorney General (Stefanie E. Lawson,
Assistant Attorney General, with her on the briefs), Oklahoma City,
Oklahoma, on behalf of the Defendants-Appellees.

_____

Before **HOLMES**, **KELLY**, and **BACHARACH**, Circuit Judges.
_____

**BACHARACH**, Circuit Judge.
_____

This appeal involves prison officials' obligations to accommodate inmates' religious beliefs by providing kosher foods. These obligations were triggered when Mr. Travis Greer, a Messianic Jew housed in an Oklahoma prison, informed prison officials that he kept kosher. At his request, the Oklahoma Department of Corrections agreed to provide Mr. Greer with kosher foods. In exchange, Mr. Greer agreed not to consume any non-kosher foods.

Prison officials concluded that Mr. Greer had violated this agreement by consuming crackers and iced tea,[1] which they considered non-kosher. As punishment, authorities denied Mr. Greer kosher foods for 120 days. Mr. Greer complained about this punishment. Soon afterward, officials saw Mr. Greer using a computer. Treating the computer use as an infraction, officials penalized Mr. Greer with a disciplinary sanction. The disciplinary sanction led officials to transfer Mr. Greer out of a preferred housing unit.

Mr. Greer sued based on the suspension of kosher foods, the disciplinary sanction for using the computer, and the housing transfer. The

---

[1]     Some disagreement exists over whether Mr. Greer had eaten other non-kosher foods. A clergyman, Mr. Jay Drawbridge, originally claimed that he had seen video of Mr. Greer eating an entire non-kosher meal. In response, Mr. Greer submitted evidence that he had prepared a buffet plate for another person but had not eaten anything from this plate. The defendants do not challenge Mr. Greer's evidence, so the only items in dispute are the crackers and iced tea.

2

district court granted summary judgment to the defendants on some causes of action based on Mr. Greer's failure to exhaust administrative remedies and dismissed other causes of action for failure to state a claim. The district court then granted summary judgment to the defendants on the remaining causes of action based on qualified immunity and the unavailability of declaratory or injunctive relief.

We reverse in part and affirm in part. In its first grant of summary judgment, the district court correctly held that Mr. Greer had exhausted administrative remedies through a grievance addressing the suspension of his kosher foods. But the district court interpreted this grievance too narrowly, viewing it as pertinent only to Mr. Greer's causes of action involving cruel and unusual punishment, conspiracy, retaliation, and deprivation of due process. In our view, however, this grievance also encompassed Mr. Greer's causes of action based on the Religious Land Use and Institutionalized Persons Act (RLUIPA) and the First Amendment. As a result, the district court should not have granted summary judgment for a failure to exhaust these two causes of action.

Mr. Greer also asks us to review the district court's second grant of summary judgment. We decline to do so because Mr. Greer waived appellate review of this ruling. To obtain appellate review of a report and recommendation, a party must object. Because Mr. Greer did not object, we decline to review the district court's second summary-judgment ruling.

3

# I. Mr. Greer sues after unsuccessfully seeking administrative relief.

Mr. Greer filed grievances alleging that prison authorities had improperly suspended his kosher foods and transferred him out of a preferred housing unit. Mr. Greer pursued these grievances to varying degrees through the administrative process.

Dissatisfied with the results, Mr. Greer sued. He asserted five causes of action, claiming that

1. authorities had improperly suspended his kosher foods in violation of RLUIPA and the First, Eighth, and Fourteenth Amendments,

2. the state corrections department had violated the First Amendment by enforcing an agreement authorizing suspension of kosher foods to sanction Mr. Greer for violating his agreement with prison officials,

3. the defendants' suspension of Mr. Greer's kosher foods and the housing transfer had been retaliatory and motivated by financial gain and religious discrimination,

4. the defendants had violated state law by obstructing Mr. Greer's efforts to submit grievances, and

5. the housing transfer had resulted from a denial of due process and equal protection.

The magistrate judge issued two pertinent report and recommendations.[2] In the first report and recommendation, the magistrate

---

[2] The magistrate judge also issued four other report and recommendations that are immaterial to this appeal.

4

judge recommended summary judgment for the defendants based on Mr.

Greer's failure to exhaust his claims involving

- violation of RLUIPA and the First Amendment and

- denial of due process and equal protection.

The district judge adopted the report and recommendation over Mr. Greer's

objections.

In the second report and recommendation, the magistrate judge

recommended summary judgment for the defendants on all remaining

claims based on qualified immunity and the unavailability of declaratory or

injunctive relief. Though Mr. Greer received four extensions of time to

object,[3] he never objected. In the absence of an objection, the district judge

ultimately adopted the second report and recommendation.

## II. Mr. Greer did not fail to exhaust his RLUIPA and First Amendment claims.

A prisoner can sue over prison conditions only after exhausting

administrative proceedings. 42 U.S.C. § 1997e(a). Exhaustion requires that

a prisoner comply with available administrative procedures. *Fields v. Okla.*

*State Penitentiary*, 511 F.3d 1109, 1112 (10th Cir. 2007). To exhaust,

---

[3]     The four extensions were given in Documents 175, 182, 185, and 189. The defendants also refer to a fifth extension (Document 178). This extension is not in our record, but is described in the docket sheet as an extension of time to object to a separate report and recommendation involving the denial of a preliminary injunction.

5

however, an inmate need not pursue administrative channels that have become unavailable. *Ross v. Blake*, 136 S. Ct. 1850, 1859–60 (2016).

For Oklahoma inmates like Mr. Greer, the relevant administrative procedure comprised four steps:

1. informally raising the matter with staff,

2. submitting a request to staff,

3. filing a grievance, and

4. appealing to the Administrative Review Authority.

*Little v. Jones*, 607 F.3d 1245, 1247, 1249 (10th Cir. 2010).

Mr. Greer filed multiple grievances without completing the administrative process on any of them. But the district court ruled that Mr. Greer hadn't needed to complete the administrative process on Grievance 14-55 because further remedies had become unavailable. Because the defendants don't challenge that ruling, the only issue here is whether Grievance 14-55 fairly encompassed Mr. Greer's claims involving RLUIPA and the First Amendment. The district court implicitly answered "no," viewing these claims as covered only by another grievance (Grievance 14-67). In our view, however, these claims also fall under Grievance 14-55.

To determine the scope of Grievance 14-55, we consider its relationship to the causes of action in the complaint. *See Kikumura v. Osagie*, 461 F.3d 1269, 1282 (10th Cir. 2006) ("A showing of exhaustion . . . [is] dependent upon insight into the administrative claim and its

6

relationship with the federal suit.") (quoting *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003)), *overruled on other grounds by Robbins v. Okla. ex rel. Dep't of Human Servs.*, 519 F.3d 1242 (10th Cir. 2008). Because Mr. Greer was unrepresented, we liberally construe Grievance 14-55. *See Bell v. Konteh*, 450 F.3d 651, 654 (6th Cir. 2006) (interpreting a pro se inmate's grievances under a relaxed standard and noting the consistency of this standard with the need to liberally construe pro se inmates' court filings); *see also Buechel v. United States*, 746 F.3d 753, 760 (7th Cir. 2014) ("At each stage of the federal tort claim process, *pro se* administrative complaint forms are 'entitled to a generous construction.'" (quoting *Palay v. United States*, 349 F.3d 418, 425–26 (7th Cir. 2003))); *Lattimore v. Polaroid Corp.*, 99 F.3d 456, 464 (1st Cir. 1996) ("In cases where, as here, the employee acts *pro se*, the administrative charge is liberally construed in order to afford the complainant the benefit of any reasonable doubt.") (citations omitted).

Liberally construed, Grievance 14-55 encompasses the RLUIPA and First Amendment claims. In this grievance, Mr. Greer alleged that "[o]n March 26, 2014, evening meal, [he] [had been] removed from [his] religious (kosher) diet, in direct violation of [his] constitutional rights." R. vol. I, at 234. This allegation is essentially repeated in Mr. Greer's eventual suit, where he claimed that the suspension of his kosher foods violated his constitutional rights. Though Mr. Greer's grievance referred

7

only to constitutional violations, liberal construction of this grievance would also include the RLUIPA claim. *See Hammons v. Saffle*, 348 F.3d 1250, 1258 (10th Cir. 2003) (liberally construing a claim involving religious freedom to include a RLUIPA claim). Indeed, the district court acknowledged that Grievance 14-55 had "sufficient[ly] alerted prison officials as to the nature of the alleged wrong" involving the suspension of Mr. Greer's kosher foods. R. vol. II, at 149.

Even so, the district court erroneously interpreted Grievance 14-55 as limited to the claims involving cruel and unusual punishment, conspiracy, retaliation, and deprivation of due process. With this narrow interpretation of Grievance 14-55, the court granted summary judgment to the defendants on the RLUIPA and First Amendment claims based on Mr. Greer's failure to fully pursue another grievance (Grievance 14-67). But Grievance 14-55 referred more broadly to the violation of Mr. Greer's constitutional rights through the denial of kosher foods.

For Grievance 14-55, Mr. Greer did not properly complete the administrative process. But, as the district court acknowledged, prison authorities had prevented Mr. Greer from taking further administrative steps. As a result, the district court could not reject the RLUIPA and First Amendment claims based on a failure to exhaust administrative remedies.[4]

---

[4] The district court recognized that Grievance 14-55 had fairly encompassed part or all of four other claims involving suspension of

8

So once Mr. Greer exhausted available administrative remedies on his RLUIPA and First Amendment claims through Grievance 14-55, he didn't need to pursue a new grievance on those claims. The district court should have thus rejected the defendants' arguments for summary judgment on the First Amendment and RLUIPA claims.

On appeal, the defendants urge affirmance of the summary-judgment award on these claims based on the alternate ground of qualified immunity. But qualified immunity is an affirmative defense that defendants must invoke in district court. *Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982). And the defendants did not urge qualified immunity when seeking summary judgment on the RLUIPA and First Amendment claims. Defense counsel thus conceded at oral argument that we cannot affirm on the alternative ground of qualified immunity. *See Mansourian v. Regents of Univ. of Cal.*, 602 F.3d 957, 974 (9th Cir. 2010) (refusing to affirm a dismissal on the alternative ground of qualified immunity because the defendants had not raised qualified immunity in their dispositive motions); *Robinson v. Pezzat*, 818 F.3d 1, 11 (D.C. Cir. 2016) (refusing to affirm on qualified immunity based on a failure to show the violation of a clearly established

---

kosher foods: (1) cruel and unusual punishment, (2) conspiracy, (3) retaliation, and (4) deprivation of due process. These parts of the claims were terminated on other grounds, which Mr. Greer failed to challenge on appeal or otherwise waived. *See* Part III, below.

right because the defendants had not argued that they "were entitled to qualified immunity on clearly established law grounds").

## III. Mr. Greer waived his right to appellate review of the rulings proposed in the second report and recommendation.

Mr. Greer also appeals the second entry of summary judgment for the defendants on the claims involving

1.   the housing transfer as retaliation for filing grievances and

2.   the suspension of kosher foods as retaliation for protected conduct and in violation of Mr. Greer's right to due process.

On these claims, the magistrate judge entered a second report and recommendation to award summary judgment to the defendants based on qualified immunity. Mr. Greer didn't object to this second report and recommendation.

We ordinarily decline to consider an appellant's legal arguments not raised in an objection to a report and recommendation. *Morales v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005). But Mr. Greer pitches three reasons for us to consider his appellate challenge:

1.   he objected in a document entitled "Judicial Notice,"

2.   objections to the first report and recommendation were incorporated into the second report and recommendation, and

3.   the interests of justice require review.

Mr. Greer argues that the so-called "judicial notice" constituted an objection to the second report and recommendation. This document stated

10

that Mr. Greer "has been and still is being obstructed and thwarted by several ODOC officials." Suppl. R. at 53. Throughout this case, Mr. Greer has submitted various motions alleging interference with his access to legal materials. But even if he has suffered some interference with his legal materials, the "judicial notice" did not address the substance of the second report and recommendation.

Mr. Greer also maintains that we should regard his objection to the first report and recommendation as an objection to the second report and recommendation. For this argument, Mr. Greer insists that the second report and recommendation incorporates arguments in the first report and recommendation, so his objections to the first report and recommendation should also be incorporated.

We disagree. Mr. Greer timely objected to the first report and recommendation on grounds that also relate to the second report and recommendation. But Mr. Greer did not renew these objections in response to the second report and recommendation, so the previous objection cannot preserve appellate review.

Finally, Mr. Greer invokes an exception to the objection requirement that arises when "the 'interests of justice' require review." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). For this exception, the court considers "a pro se litigant's effort to comply, the force and

plausibility of the explanation for his failure to comply, and the importance of the issues raised." *Morales-Fernandez*, 418 F.3d at 1119–20.

But Mr. Greer has not satisfied the interests-of-justice exception. Mr. Greer received four extensions of time, and he had 265 days to object to the second report and recommendation before it was adopted. During this 265-day period, Mr. Greer filed two objections to the denial of his requests for injunctions. These objections reflect Mr. Greer's ability to access legal materials and to file documents. Despite this ability and the availability of 265 days, Mr. Greer never objected to the second report and recommendation. We thus conclude that Mr. Greer waived appellate review of the rulings proposed in the second report and recommendation.

## IV. Conclusion

We affirm the district court's conclusion that Mr. Greer exhausted administrative remedies through Grievance 14-55. But the district court interpreted this grievance too narrowly. Because the grievance encompassed Mr. Greer's First Amendment and RLUIPA claims, we reverse and remand for the district court to consider these claims on the merits.[5] We otherwise affirm because Mr. Greer waived his appellate challenges to the rulings proposed in the second report and recommendation.

---

[5]     On remand, the district court should also reconsider whether to exercise supplemental jurisdiction over Mr. Greer's state-law claim.