**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 9, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

PATRICK C. LYNN,

    Plaintiff - Appellant,

v.

CHARLIE WILLNAUER; MARY
YOAKUM; TONI SINCLAIR; MELISSA
DOE; RAJWINDER KAUR; ALEYCIA
MCCULLOUGH; DAWN SILER;
MICHELE LAYTON; MILLIE
MURRAY-TRINGALE; LAURA DOE;
SEAN POTTER; CHANTEL ABEL;
CHASATIE WISDOM; JANICE
GUNTER; JORDAN MADORIN; RALK
SALKE; LACY OSMON; BARRY
LEWIS HARRIS; GERARD HERROD;
DAVID TATARSKY; KANSAS
DEPARTMENT OF CORRECTIONS;
BRANDY COBB; ELLIS WILLIAMS;
(FNU) YOUNG; (FNU) BOCQUIN;
BRIAN BURNS; (FNU) VICTORIA;
MARLA AGUILAR; CENTURION;
BRETT PETERSON; CHRIS ROSS;
(FNU) LEE; FNU) CONARD; STUART
BAILEY; FNU) PARKS; JAMES WALL;
RON BAKER; (FNU) HERSHBERGER;
JOHN DOES 1-5; (FNU) EDMONDS;
FNU) KOHL; (FNU) THORNTON; (FNU)
BOUSFIELD; (FNU) KELLY; (FNU)
HARTER; FNU) HYDRO; (FNU)
JEFFRIES; DAN EAST; HOLLY SHAW;
(FNU) GABLE; (FNU) WYATT; FNU)
HERRIN; (FNU) POOL; (FNU)
GALLAGHER; MARCI CHAMIDILING;
COLETTE WINKLEBAUER; SHERRI
PRICE; JEFF ZMUDA; DOUG BURRIS;
LAURA KELLY; DEBRA LUNDRY;

No. 23-3111
(D.C. No. 5:19-CV-03117-HLT)
(D. Kan.)

ZIAUDDIN MONIR; DUANE DENTON; BOB PRTICHARD; BARBARA DICKERSON; TERRY WEBSTER; FAYE VARGAS; DAN SCHNURR; TOMMY WILLIAMS; CLAY VANHOOSE; TODD KOOB; (FNU) COWAN; SMITH TREVOR; TREVOR SMITH; ANDREW BROWN; (FNU) PERRY; (FNU) BLAINE; (FNU) FISCHER; JOHN MARKUS; ROBERT HURT; (FNU) HURTADO; (FNU) BERNATH; (FNU) DOE; COSTY MATTAR; JOHN DOE; CAROL MOORELAND; JANE DOE (1); JANE DOE (2); JANE DOE (3); TUCKER POLING; JOSEPH CRUMPTON; (FNU) SAYEED; MARY EINERSON; (FNU) DELPERGANG; (FNU) YARI; JOHN DOE; SAMMY CLINE; (FNU) EARLY; (FNU) MOORE; (FNU) (LNU) (1); MIKE DRAGOO; (FNU) CARRELL; BRANDON WALMSLEY; TERRY NICHOLS; (FNU) CALHOUN; ALYX GALI; (FNU) JOHNSON; (FNU) DARTER; (FNU) CHRISTIAN; JOHN CANNON,

    Defendants - Appellees.

---

**ORDER AND JUDGMENT***

---

Before **HOLMES**, Chief Judge, **MORITZ**, and **CARSON**, Circuit Judges.

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

2

_____

Patrick C. Lynn brought this pro se prisoner civil rights case under 42 U.S.C. § 1983.  In his First Amended Complaint (FAC) he asserted claims for deliberate indifference to his serious medical needs in violation of the Eighth Amendment, medical malpractice, destruction of his personal property, and violation of his rights to due process and equal protection.  On screening, the district court dismissed many of the claims and defendants.  After ordering and reviewing a *Martinez* report, *see Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), it dismissed additional claims and defendants, leaving only a few medically related claims.  It later granted summary judgment on those claims in favor of defendants Todd Koob, Aleycia McCullough and Debra Lundry; dismissed without prejudice the claims against the remaining defendants, Ziauddin Monir and Charlie Willnauer, for failure to exhaust administrative remedies; and granted judgment for the defendants.  Mr. Lynn appeals from the district court's judgment.  We affirm.

## BACKGROUND

This case is before us a second time.  The district court previously denied Mr. Lynn's motion to proceed in forma pauperis, finding he was a three-strikes litigant under 28 U.S.C. § 1915(g).  It dismissed the action because Mr. Lynn had failed to pay the filing fee.  Mr. Lynn appealed.  We determined that because he had sufficiently shown he was in imminent danger of serious physical injury at the time of filing, the district court should have permitted him to proceed in forma pauperis.

3

*Lynn v. Willnauer*, 823 F. App'x 642, 648 (10th Cir. 2020). We vacated the dismissal and remanded for consideration of his claims. *Id.*

On remand, Mr. Lynn filed the FAC. The district court dismissed many of the defendants and claims on screening. *See* 28 U.S.C. § 1915A(a). It ordered officials responsible for the operation of the relevant facilities to prepare a *Martinez* report concerning Mr. Lynn's claims regarding his medical care at Lansing Correctional Facility (LCF) on May 25, 2019, and June 26-28, 2019; at Hutchinson Correctional Facility (HCF) on December 30-31, 2019; and at LCF on December 23, 2020 (the "medical claims").

After the *Martinez* report was filed and Mr. Lynn had responded to it, the district court conducted additional screening of the FAC. It dismissed some of the remaining individual defendants, finding the FAC failed to state a claim against them. It ordered the remaining defendants to respond to the medical claims.

Defendants Koob, McCullough and Lundry then moved for summary judgment or dismissal of the claims against them. The district court granted summary judgment to these defendants, finding Mr. Lynn had failed to show he exhausted his administrative remedies and, alternatively, that the movants were entitled to summary judgment on the merits of his federal claims. The district court also dismissed any claims against defendants Willnaur and Monir without prejudice for failure to exhaust administrative remedies and declined to exercise supplemental jurisdiction over any remaining state-law claims.

4

## DISCUSSION

We construe Mr. Lynn's pro se briefing liberally but do not serve as his advocate. *Luo v. Wang*, 71 F.4th 1289, 1291 n.1 (10th Cir. 2023).

### 1. Mr. Lynn failed to show a genuine factual issue concerning whether he properly exhausted his administrative remedies.[1]

"A prisoner can sue over prison conditions only after exhausting administrative proceedings" by "comply[ing] with available administrative procedures." *Greer v. Dowling*, 947 F.3d 1297, 1301 (10th Cir. 2020) (citing 42 U.S.C. § 1997e(a)). The defendants have the burden of asserting the affirmative defense of failure to exhaust and of demonstrating that no material fact exists concerning whether the plaintiff exhausted his administrative remedies. *Tuckel v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011). Once they have done so, the burden shifts to the plaintiff to identify evidence showing that a genuine factual dispute remains. *Estrada v. Smart*, 107 F.4th 1254, 1262-63 (10th Cir. 2024). Factual disputes about administrative exhaustion are properly resolved by district courts at the summary judgment stage rather than being passed on to a jury. *See id.* at 1263.

For Kansas inmates who assert claims under § 1983 about the conditions of their imprisonment and the actions of prison employees, the administrative grievance process consists of four steps:

---

[1] Because we affirm summary judgment on the exhaustion issue, we need not reach the district court's alternative disposition on the merits.

5

1.  Seeking an informal resolution with the unit team.  If an informal resolution is not achieved, the inmate may utilize the grievance procedure by:

2.  Submitting a grievance report form to the appropriate unit team member.

3.  Submitting an appeal to the warden of the facility.

4.  Submitting a request for final review to the office of the secretary of corrections.

Kan. Admin. Reg. § 44-15-101(b), (d).

The *Martinez* report presented affidavits from administrative officers who had searched the relevant prison records for grievances Mr. Lynn might have filed concerning his medical claims.  The policy compliance officer at LFC "reviewed all responses provided by the warden for relevant time frames of this lawsuit and found no record of any correspondence from plaintiff regarding his complaints about medical care he received."  Suppl. R., vol. 1 at 88.  A corrections specialist at LCF found no grievances filed by Mr. Lynn during the time frames relevant to this lawsuit, though he did find three personal injury claims he submitted in 2019 and 2020.[2]  A records custodian at HCF further stated that she found no grievances filed

---

[2] In Kansas, a separate procedure for personal injury claims requires an inmate to submit a claim "to the facility and secretary of corrections within 10 calendar days of the claimed personal injury."  Kan. Admin. Reg. § 44-16-104a(a).  Mr. Lynn does not argue in this appeal that submission of a personal injury claim under § 44-16-104a(a) satisfies the requirements of § 44-15-101.

by Mr. Lynn for the time period December 30-31, 2019, relating to Koob's failure to call an ambulance for him or the treatment he received from medical personnel.[3]

Relying on the materials in the report concerning the exhaustion issue, defendants Koob, McCullough and Lundry moved for dismissal or summary judgment on exhaustion grounds. They also sought dismissal or summary judgment on the merits of Mr. Lynn's claims.

Mr. Lynn attached several documents to his responsive pleadings, including affidavits, a complaint he had made to the Kansas State Board of Nursing, and various grievances and correspondence. The district court reviewed the materials submitted and found that none of them showed he exhausted his administrative remedies concerning the remaining claims in this case. The district court concluded there was no genuine issue of material fact concerning whether Mr. Lynn exhausted his available administrative remedies. We review this determination de novo. *May v. Segovia*, 929 F.3d 1223, 1234 (10th Cir. 2019).

Although he claims that the officials lied in the *Martinez* report about not having any record of his grievances, Mr. Lynn does not point us to specific evidence he exhausted his claims by following every step in the grievance process. Instead,

---

[3] She did, however, find property claims and correspondence from the warden and the secretary of corrections' designee, but these appeared to deal with Mr. Lynn's complaints about how his heart medication was being administered to him.

7

construed liberally, his opening brief presents several arguments why the district court should not have entered summary judgment based on his failure to exhaust.[4]

## A. Verified Complaint

As required by a local rule, *see* D. Kan. Rule 56.1(d), the defendants notified Mr. Lynn that he could not oppose summary judgment simply by relying upon the allegations in his complaint. The district court observed that despite receiving this notice, Mr. Lynn "fail[ed] to specifically controvert Defendants' statement of material facts," R., vol. 1 at 296, and instead "respond[ed] to the motion for summary judgment by arguing that the Court should consider the allegations in his FAC." *Id.* at 306. Mr. Lynn contends the court's observations show that it wrongly failed to treat his verified FAC as an affidavit and to give him the benefit of the allegedly opposing facts stated therein.

"A verified complaint may be treated as an affidavit for purposes of summary judgment if it satisfies the standards for affidavits set out in [Federal Rule of Civil Procedure] 56(e)." *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1311 (10th Cir. 2010) (brackets and internal quotation marks omitted). But even if the district court should

---

[4] In our order of January 31, 2024, in which we granted Mr. Lynn's request for a fifth extension of time to file his opening brief, we denied any additional requests for relief he made in the motion without prejudice to his renewing them in his opening brief. Relying on this language from our order, he now attempts to incorporate arguments contained in his fourth and fifth motions for extension, "reiterat[ing them] as if fully set forth here." Opening Br. at 9-3[14]. (Because the pages in Mr. Lynn's brief are out of order, we have supplied the .pdf page numbers in brackets.) We have considered the arguments developed in his opening brief, but we decline to consider arguments made elsewhere that he attempts to incorporate into the brief.

have treated his verified complaint (or, as he mentions in passing, his other verified pleadings) as affidavits, Mr. Lynn fails to explain how the facts stated in those pleadings demonstrated a genuine issue of material fact about whether he followed the administrative procedure to exhaust his claims. His argument therefore fails to establish a basis for reversing summary judgment.

### B. Unavailability of administrative remedies

Mr. Lynn also argues that he was only required to exhaust "available" administrative remedies. *See* 42 U.S.C. § 1997e(a) (an inmate need only exhaust "such administrative remedies as are available"). Once the defendants have made their summary judgment showing, an inmate has the burden to show that remedies were unavailable. *May*, 929 F.3d at 1234.

Mr. Lynn cites *Ross v. Blake*, 578 U.S. 632 (2016), which held that "[w]hen the facts on the ground demonstrate that no . . . potential [of obtaining any relief] exists, the inmate has no obligation to exhaust the remedy," *id.* at 643. He contends the Kansas procedures were "incapable of use to obtain any relief" and "are in essence non-existent." Aplt. Opening Br. at 8-1[9]. He complains generally that the defendants discarded his grievances, failed to respond to them, to log them, or to grant him any relief. But these non-specific assertions, which the many answered grievances attached to the *Martinez* report refute as a categorical matter, fall far short of showing that he had no potential of obtaining any relief under the administrative grievance process. *See Ross*, 578 U.S. at 643.

9

An exhaustion process may also be "unavailable" when "prison officials thwart inmates from taking advantage of [it] through machination, misrepresentation, or intimidation." *Id.* at 644. Mr. Lynn claims the defendants hindered him from completing the grievance process through frequent prison transfers. He also claims prison officials subjected him to a "perverse retaliation frenzy" and "irreparable physical [and] psychological injuries" that deprived him of available remedies, *id.* at 8-1[9], 8-3[11]. These generalized assertions fail to create a genuine factual issue about whether the grievance process was unavailable.

### C. Loss of evidence that remedies were exhausted

Mr. Lynn also argues he did exhaust all available remedies, but the defendants prevented him from proving that fact by destroying or scattering his legal documents. His assertions are unhelpfully short on dates or details that would permit us to assess whether the alleged destruction hindered his ability to demonstrate genuine factual issues concerning exhaustion. He does make some specific assertions about destruction of his materials in late 2023, but these post-date the district court's entry of summary judgment. *See* Opening Br. at 2, 9-3[14]. Such assertions concerning recent events are of course, without more, irrelevant to our review of the summary judgment record. His remaining, vague statements about loss of his documents do not warrant the reversal of summary judgment.

### D. Discovery and evidentiary hearing

Finally, Mr. Lynn argues the district court should have granted him discovery and an evidentiary hearing to establish whether he had exhausted his administrative

remedies.  The district court initially postponed discovery until Mr. Lynn had a chance to review the *Martinez* report.  Thereafter, he made requests for discovery or an evidentiary hearing on various issues, including exhaustion, but the district court did not grant discovery or hold an evidentiary hearing before entering summary judgment.

Although Rule 56 does not require discovery before summary judgment is granted, a nonmovant may obtain additional time to respond or other relief by "show[ing] by affidavit or declaration that for specified reasons, [he] cannot present facts essential to justify [his] opposition."  *Adams v. C3 Pipeline Constr. Inc.*, 30 F.4th 943, 968 (10th Cir. 2021) (quoting Fed. R. Civ. P. 56(d)).  Mr. Lynn requested discovery, but he fails to show he filed an affidavit that complied with Rule 56(d). *See id.* ("In the Tenth Circuit, a non-movant requesting additional discovery under Rule 56(d) must specify in the affidavit (1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable the party to obtain those facts and rebut the motion for summary judgment.").  Given Mr. Lynn's failure to show he followed this procedure, he has not established that the district court abused its discretion by issuing its summary judgment decision before ordering discovery.

"Ordinarily, if there are disputed issues of fact, a district court should hold an evidentiary hearing before granting summary judgment on the defense of failure to exhaust administrative remedies."  *Estrada*, 107 F.4th at 1262.  However, "[t]o avoid summary judgment, a nonmovant must offer evidence, not bare allegations."  *Id.*  An

evidentiary hearing is therefore only required "[i]f the plaintiff establishes a disputed issue of material fact" through reference to sufficient evidence. *Id.* at 1263. The district court concluded Mr. Lynn failed to demonstrate with specificity an issue of material fact concerning the exhaustion issue. On appeal, he has not pointed us to specific evidence that this conclusion was incorrect. He therefore fails to show the district court abused its discretion by entering summary judgment without holding an evidentiary hearing.

**2. Mr. Lynn's remaining contentions, concerning issues other than exhaustion, lack merit.**

Mr. Lynn argues the district court improperly dismissed a large number of defendants in its screening orders. But he does not explain why these dismissals were erroneous. *See Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015) ("The first task of an appellant is to explain to us why the district court's decision was wrong."). He has therefore waived this argument.

Mr. Lynn complains that the district court rejected some of his attempted filings in this case because he is subject to filing restrictions. *See, e.g.*, Suppl. R., vol. 1 at 23 n.1 (noting that Mr. Lynn had submitted numerous filings that it denied because they failed to comply with the filing restrictions imposed in *Lynn v. Lundry*, Case No. 20-3116-EFM (D. Kan. June 29, 2020)). He argues the district court wrongfully imposed the filing restrictions in retaliation for his lawful attempts to recuse a district court judge.

Mr. Lynn previously appealed from the district court's order of filing restrictions, and we dismissed that appeal for failure to prosecute. *Lynn v. Lundry*, No. 20-3138, 2020 WL 10618702 (10th Cir. Nov. 18, 2020) (unpublished). He cannot now pursue a collateral attack on the restrictions. *See, e.g.*, *Werner v. Utah*, 32 F.3d 1446, 1448 (10th Cir. 1994) (if a petitioner disagrees with the district court's filing restrictions, his remedy is to file an appeal from the order establishing the restrictions, not seeking to raise objections to them through a later proceeding). In addition, he fails to show the district court abused its discretion in limiting his voluminous filings in this case. *See Durham v. Xerox Corp.*, 18 F.3d 836, 840 (10th Cir. 1994) (district court's decision to strike pleadings is reviewed for abuse of discretion). The district court permitted him to make several filings that responded to the defendants' summary judgment motions. We discern no reversible error in its decision to limit his other attempted filings.

## CONCLUSION

We affirm the district court's judgment.

Entered for the Court

Joel M. Carson III
Circuit Judge