**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 15, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

MATTHEW WIGGINS,

    Plaintiff - Appellant,

v.

T. HATCH, Warden; FNU MARTIN, Unit
Manager; FNU MONTOYA, Unit
Manager; H. JARAMILLO, Captain; C.
TRUJILLO, Lieutenant; Z. VANDIVER,
STIU Sergeant; M. JONES, Sergeant; C.
FRAZIER, Disciplinary Officer; D.
JACKSON, Sergeant; H. OSORIO, CO;
ALISHA TAFOYA LUCERO, Secretary
of Corrections; JOHN DOE, Director of
Adult Prisons; FNU BOBBIO, Sergeant;
FNU LNU; FNU CHAPLAIN; FOOD
SERVICE OF SUMMIT; DANIEL
SEDILLO; FNU LUCRECIO; GARY
MACIAL; ANDREW WAGNER,
Disciplinary hearing officer; THE
DEPARTMENT OF CORRECTIONS;
OFFICE OF THE SECRETARY OF
CORRECTIONS; HEATHER
JARAMILLO; FNU LNU, Summit
Supervisor; DAVID GONZALEZ, Deputy
Warden; JANE or JOHN DOE,

    Defendants - Appellees.

Nos. 24-2159 & 24-2160
(D.C. Nos. 1:21-CV-00670-KWR-DLM &
1:22-CV-00279-KWR-DLM)
(D. N.M.)

_____

## ORDER AND JUDGMENT[*]

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral

_____

Before **HOLMES**, Chief Judge, **TYMKOVICH**, and **MORITZ**, Circuit Judges.

_____

Matthew Wiggins, a New Mexico prisoner proceeding pro se, appeals the district court's partial dismissal and partial grant of summary judgment in his civil rights action brought under 42 U.S.C. § 1983.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's judgment.

## I.    BACKGROUND

Wiggins filed a pro se civil rights complaint asserting claims under 42 U.S.C. § 1983 in July 2021.  He amended that complaint twice before the district court dismissed the case for a failure to pay the filing fee.  The case was reopened after it became clear that Wiggins's filing payment had not been processed correctly.

In April 2022, he filed an identical pro se complaint in the same district court. The court identified deficiencies in both complaints and directed Wiggins to refile them; he filed amended complaints on both dockets in March 2023, again raising identical claims.  The court consolidated the two identical cases in May 2023.

Wiggins's operative complaint named multiple defendants.  There were two groups of defendants:  the New Mexico Corrections Department ("NMCD") and its employees ("NMCD Defendants"), and Food Service of Summit and one of its employees ("Summit Defendants").  The complaint alleged several causes of action

estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

arising out of various incidents from Wiggins's incarceration at the NMCD prison facilities. It included two categories of claims: (1) claims arising out of the prison's disciplinary proceedings; and (2) claims arising from alleged religious discrimination, which included allegations that all defendants failed to provide Wiggins with appropriate halal meals. Wiggins also requested injunctive relief against the individual capacity defendants, money damages against the official capacity defendants, and compensatory damages.

The district court screened the operative complaint and directed the defendants to file *Martinez* reports and dispositive motions.[1] The NMCD Defendants filed a *Martinez* report, along with a motion to dismiss in part and for partial summary judgment. The Summit Defendants joined the motion.

A magistrate judge reviewed the report and motions, as well as Wiggins's responses to those pleadings, and issued his proposed findings and recommended disposition ("PFRD"), recommending that the motion to dismiss in part and for partial summary judgment be granted.

Wiggins filed three documents responding to the PFRD. They did not contain arguments objecting to the conclusions on the merits of his claims, nor did they point to specific evidence in support of his claims.

---

[1] A *Martinez* report is a procedure first approved in *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). A district court may "direct prison officials to respond in writing to the [prisoner's] various allegations, supporting their response by affidavits and copies of internal disciplinary rules and reports. The purpose of the *Martinez* report is to ascertain whether there is a factual as well as a legal basis for the prisoner's claims." *Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987).

The district court adopted the PFRD and granted the motion to dismiss in part and for partial summary judgment. It determined that Wiggins's responses to the PFRD constituted timely filed objections, but held that they were not specific enough because they were inadequately presented and did not "challeng[e] the PFRD or explain[] how [the magistrate judge] erred in the PFRD." R. vol. I at 820. Although it concluded that Wiggins waived his objections by failing to provide specific arguments or evidence, the court reviewed them de novo as an alternative basis for its ruling and determined that they lacked merit or were unsupported by the record. The court dismissed Wiggins's discrimination claim as it related to his halal meals for failure to exhaust administrative remedies. It dismissed the remaining claims for failure to state a claim and on summary judgment. Wiggins appealed.[2]

## II.    STANDARD OF REVIEW

The district court dismissed some of the claims for failure to state a claim and resolved the others on summary judgment. We review both types of rulings de novo. *See McBride v. Deer*, 240 F.3d 1287, 1289 (10th Cir. 2001).

## III.    DISCUSSION

We construe Wiggins's filings liberally but do not serve as his advocate. *Luo v. Wang*, 71 F.4th 1289, 1291 n.1 (10th Cir. 2023). And we have "repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants."

---

[2] Wiggins filed a notice of appeal in his two consolidated district court cases. This court initially opened two separate appeals but later partially consolidated them for procedural purposes. This Order and Judgment resolves both appeals.

*Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (alterations and internal quotation marks omitted).

Wiggins devotes much of his appellate brief to discussing the merits of his claim regarding the provision of halal meals at the prison. Notably, he does not reference or challenge the district court's rulings regarding the merits of the summary judgment grant or any other claims the district court dismissed. Accordingly, even under the rules of liberal construction, Wiggins has abandoned any challenge to those aspects of the district court's final order on appeal. *See Sawyers v. Norton*, 962 F.3d 1270, 1286 (10th Cir. 2020) ("Issues not raised in the opening brief are deemed abandoned or waived . . . [as are] arguments that are inadequately presented . . . ." (internal quotation marks omitted)). As a result, only his religious discrimination claim based on the lack of halal meals at the prison is properly before us. In addition to the challenge to the district court's final order, Wiggins raises additional arguments relating to the district court's handling of his case. Under liberal construction, Wiggins has not abandoned these challenges, so we will address them in addition to his religious discrimination claim. *See Luo*, 71 F.4th at 1291 n.1.

### a. Firm Waiver

The district court conducted a de novo review of Wiggins's pleadings even though it ruled he had not filed specific objections to the PFRD. While the district court's decision to conduct de novo review absent a proper objection does not preclude application of the firm waiver rule, *see Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999), we decline to apply the rule to the arguments that Wiggins

does attempt to make on appeal, exercising our discretion to consider them. *See United States v. Walker*, 918 F.3d 1134, 1153 (10th Cir. 2019).

### b. Exhaustion of Administrative Remedies

We must discern whether the district court properly dismissed Wiggins's religious discrimination claim as to his halal meals for failure to exhaust administrative remedies. On appeal, Wiggins asserts that he did his best to exhaust his administrative remedies through the grievance process, and that the defendants have violated his constitutional rights by refusing to serve him halal meals.

Under the Prison Litigation Reform Act of 1995 ("PLRA"), a prisoner must exhaust his administrative remedies before he may file a federal action challenging prison conditions. *See* 42 U.S.C. § 1997e(a); *Greer v. Dowling*, 947 F.3d 1297, 1301 (10th Cir. 2020). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under [the] PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). Exhaustion occurs when an inmate fully complies with prison grievance procedures; substantial compliance is not enough. *See id.* The defendants have the burden of asserting the affirmative defense of failure to exhaust and of demonstrating that no material fact exists concerning whether the plaintiff exhausted his administrative remedies. *See Tuckel v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011). Once a defendant shows the plaintiff failed to exhaust, the burden shifts to the plaintiff to show the remedies were unavailable. *Id.* Remedies are unavailable when "prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of

6

[the] administrative remedy." *Id.* at 1252 (quoting *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010)).

For New Mexico inmates who assert claims under § 1983 about prison conditions and the actions of prison employees, the administrative grievance process consists of:

1. Submission of an informal complaint;

2. Submission of an inmate grievance; and

3. Submission of an appeal after receiving a decision on the previously submitted grievance.

*See* R. vol. I at 299.

The *Martinez* report contained affidavits from prison administrative officers who reviewed prison records for grievances Wiggins filed concerning his claims, including the claim relating to his halal meals. According to affidavits from Grievance Officers Maxine Montoya, Cheryl Frazier, Janine Rodriguez, and Joshua Sigala, Wiggins filed four inmate grievances complaining that halal meals were not properly provided to him in November 2016, March 2021, April 2021, and May 2023. All the grievances were denied, but Wiggins did not appeal those denials.

Relying on the materials in the report, the defendants moved for dismissal on the halal meal claim on exhaustion grounds. They also requested dismissal or summary judgment on Wiggins's other claims.

Wiggins replied to the *Martinez* report, asserting that he did everything he could to exhaust his claims via NMCD's grievance process. In support, he attached

documentation of his inmate financial accounts and pointed to several postage fee charges as evidence that he submitted appeals for his denied grievances.

The PFRD recommended dismissing Wiggins's claim relating to his halal meals as unexhausted. It noted that Wiggins failed to appeal any of his grievances, and thus did not fully exhaust his available administrative remedies. The PFRD further noted that, while Wiggins claimed that he attempted to exhaust his administrative remedies, the evidence he provided only demonstrated that his inmate account incurred several postage fees and did not show that he specifically appealed any of the denied grievances. Accordingly, the PFRD recommended that this claim be dismissed as a matter of law because it was unexhausted.

As stated above, Wiggins filed three pleadings responding to the PFRD. Relevant here, Wiggins appeared to argue that the reason his claim regarding his halal meals was unexhausted was because the NMCD Defendants failed to process his claim.

The district court referenced the magistrate judge's rejection of that argument and found that Wiggins did not show that he had exhausted his administrative remedies concerning the halal food claim in this case. Accordingly, it dismissed the claim without prejudice.

We find no reversible error in the district court's determination that Wiggins failed to properly exhaust his administrative remedies regarding his halal food claim. On appeal, Wiggins argues that the district court improperly dismissed his claim but does not point to specific facts or evidence that this conclusion was incorrect. The

record indicates that Wiggins initiated the grievance process by filing grievances with the prison, and he states on appeal that he did his best to comply with the process. However, affidavits from prison officials state that Wiggins never filed appeals once his grievances were denied, which was a necessary step in the grievance process. *See* R. vol. I at 299. And, as noted in the PFRD, the postage charges Wiggins submitted lack specific details demonstrating he mailed any grievance appeals.

Because Wiggins failed to appeal any of the grievance denials, he has at best substantially complied with the administrative grievance process, which isn't sufficient. *See Jernigan*, 304 F.3d at 1032. Nor has Wiggins demonstrated that the exhaustion process was unavailable to him to circumvent the requirement to fully exhaust administrative remedies. *See Tuckel*, 660 F.3d at 1254. Accordingly, the district court correctly dismissed this claim for a failure to exhaust administrative remedies.

### c. Additional Arguments

Finally, we address additional challenges Wiggins raises on appeal.

He argues that the district court incorrectly stated that he failed to respond to the defendants' filings throughout the course of the case, and that this was an incorrect basis for dismissal and summary judgment. But a review of the record indicates that Wiggins successfully submitted various pleadings and filings throughout the duration of the case before the district court, and that the district court made no dispositive findings based on Wiggins's failure to respond to the

9

defendants' pleadings. To the extent that this argument challenges the district court's observation that Wiggins failed to provide specific objections to the PFRD, we discern no reversible error. The district court fairly concluded that Wiggins did not specifically object to the conclusions presented in the PFRD. Further, the district court addressed all of Wiggins's objections in its final order, despite the firm waiver rule. We therefore reject this argument.

Wiggins also takes issue with the dismissal of his original complaint for a failure to pay the filing fee. But the district court cured the improper dismissal upon discovery that payment had been received. Further, the original complaint is not the operative complaint in this action, as Wiggins filed several amendments after the erroneous dismissal. Accordingly, we find no error.

Wiggins reiterates his requests for punitive damages and an injunction against all defendants for their alleged violations of his constitutional rights. He has not asserted specific arguments or pointed to evidence in support of these requests. In any event, the record before us does not support an award of punitive damages or an injunction. *See* 42 U.S.C. § 1983 ("injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable"); *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) (declining to grant injunctive relief because an inmate did not "show[] that either condition was satisfied"); *Searles v. Van Bebber*, 251 F.3d 869, 879 (10th Cir. 2001) (observing that punitive damages are appropriate when the conduct at issue is "motivated by evil motive or intent, or when

10

it involves reckless or callous indifference to the federally protected rights of others" (internal quotation marks omitted)).

Lastly, Wiggins argues qualified immunity doesn't apply to the defendants in this action. But neither the magistrate judge nor the district court mentioned or relied on qualified immunity. Therefore, it isn't relevant to this appeal.

## IV.   CONCLUSION

We affirm the district court's final judgment. We grant Wiggins's motion for leave to proceed without prepayment of fees and remind him of his obligation to make partial payments until the filing fee has been paid in full. We deny his motion to supplement the record on appeal. We also deny his motion for leave to amend his briefs based on new evidence.

Entered for the Court

Nancy L. Moritz
Circuit Judge